UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EARNESTINE SPADY | : | |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| CITIMORTGAGE, INC.; | : | Civil Action No. |
| PENNYMAC LOAN SERVICES, LLC | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

**Introduction**

This is an action by a homeowner against her mortgage lender seeking a proper accounting of her mortgage and statutory damages under the Fair Debt Collections Practices Act and Pennsylvania's Act 6.

**Venue and Jurisdiction**

1. Jurisdiction over this matter is conferred upon this Court by 15 U.S.C. §1692 and 28 U.S.C. §§ 1331.  The court has supplemental jurisdiction over her state law claims.

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

Parties

3. Plaintiff Earnestine Bush is a natural person residing at 1151 E. Rittenhouse St., Philadelphia, Pennsylvania 19138.

4. Defendant CitiMortgage, Inc. ("Citi") is a corporation engaged in the business of consumer lending in Pennsylvania and elsewhere with a registered agent for civil service at CT Corporation Systems in Harrisburg, Pennsylvania.  Citi was prior servicer of plaintiff's mortgage.

5.  Defendant, PennyMac Loan Services, LLC ("PennyMac"), is a corporation with its principal offices at 27001 Agoura Rd., Calabasas, CA 91301-5339.  PennyMac is the current servicing agent for the holder of Ms. Spady's mortgage and acquired servicing rights to plaintiff's mortgage loan debt disputed herein when actually or allegedly in default and therefore PennyMac is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. §1692a(6)(F)(iii).

**Factual Allegations**

6.  Plaintiff entered into her loan with defendant in 1998 for a ten (10) year term which commenced October, 1998, and carried monthly principal and interest payments of $547.34.

7.  On or about 2006, plaintiff filed a chapter 13 bankruptcy in the eastern district of Pennsylvania, Docket no. 06-13570 ("the bankruptcy").

8.  Defendant Citi filed a Proof of Claim in the bankruptcy claiming an arrears owed to it of $8,936.14 in a total claim figure of $28,847.58 (see Ex. "A").

9.  Although the bankruptcy was dismissed in May, 2010, due to nonpayment of plan payments due to job issues, plaintiff nearly completed her entire plan payments including full payment of defendant Citi's Proof of Claim in the amount of $8,936.14 of arrears.

10.  In January, 2010, plaintiff missed her regular monthly payment to Citi of $503.62.

11.  Plaintiff made partial payments of $300.00 each to Citi in March and April, 2010.

12.  Plaintiff resumed regular monthly payments to Citi in June, 2010.

13.  In June, 2010, plaintiff received an Act 6 notice stating a delinquency amount of $9,556 including the following items:

   a.  8 missed monthly payments;

  b. $5080 "delinquency expenses".

14. The aforesaid June Act 6 notice misstated arrears due Citi in that plaintiff owed three (3) missed payments for months of March through May and no delinquency expenses.

15. Plaintiff received a June monthly statement from Citi requesting payment of a second delinquency amount $10,068.33 consisting of alleged additional missed monthly payments and $389 in "servicing fees".

16. In July, 2010, plaintiff received a second Act 6 notice stating a third delinquency amount of $8,628 including the following items:

  a. 7 missed monthly payments;

  b. $5080 "delinquency expenses".

17. Plaintiff requested Citi account for the charges in the Act notices.

18. On or about July 12, 2010, Citi responded to plaintiff's oral inquiry as to a payment history with a loan history reflecting over $5,000 of inspection fees, late charges, and bankruptcy fees for the time period preceding plaintiff's chapter 13 bankruptcy in 2006.

19. The aforesaid assessment of fees in Citi's July letters were paid by plaintiff by satisfaction of Citi's Proof of Claim.

20. On or about July 19, 2010, Citi sent plaintiff a forbearance agreement to pay $482 in addition to her regular monthly payment for sixteen (16) months with $1,432.33 down payment.

21. Plaintiff adhered to the terms of the forbearance for August and September and resumed paying only her regular monthly payment in October, 2010.

22. On or about September 30, 2010, plaintiff received a "hello" letter from PennyMac advising plaintiff that it had acquired servicing rights to her loan.

23. In or around November, 2010, PennyMac sent plaintiff a statement reflecting again the incorrectly noted balance of $5,094.20.

24. Plaintiff is no longer in arrears to either defendant on her mortgage loan.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT
### (Plaintiff v. PennyMac)

25. Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

26. PennyMac was a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, at the time it became the servicing agent for Ms. Spady's loan, in that it regularly collects debts owed to another, and the debt was asserted by PennyMac to be contractually in default at the time it became the servicer of the debt.

27. Proper accounting for plaintiff's mortgage loan payments would have determined that plaintiff was not in arrears.

28. PennyMac's payment statements to plaintiff have incorrectly stated the amount and the status of plaintiff's debt.

29. PennyMac violated §1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt;

30. PennyMac violated §1692f by engaging in unfair or unconscionable means to collect or attempt to collect a debt.

## COUNT II - PENNSYLVANIA ACT 6 of 1974
### (Plaintiff v. CitiMortgage)

31. Plaintiff incorporates all prior paragraphs as if set forth in full herein.

4

32. Plaintiff's mortgage is a "residential mortgage obligation" covered by Pennsylvania Act 6 of 1974, 41 Pa. Stat. §§101-605.

33. Upon information and belief, Citi's failure to properly account for payment made by plaintiff has caused a deficit in payments to principal and interest owed under the terms of plaintiff's Note and Mortgage.

34. Citi has wrongfully sent plaintiff notice of mortgage default at a time when plaintiff was not sixty (60) days in default on the mortgage obligation as required by 41 P.S. §403, and has therefore improperly demanded payment of amounts not due and misapplied some of her payments to amounts not due under her mortgage and Act 6.

**PRAYER FOR RELIEF**

27. As a result of the above violations, plaintiff requests the following relief from this Honorable Court:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
   B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
   C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3);
   D. That the Court grant plaintiff equitable relief in the form of an accurate accounting of her loan and such other and further relief as may be just and proper.
   E. An order that defendant's actions violated Act 6 and a proper accounting and application of her mortgage payments and for actual, statutory, and punitive damages, and attorney's fees and costs, along with any other and further relief as the court deems just and proper.

/s/RC935
ROBERT P. COCCO, P.C.
Attorney for Plaintiff

Dated: December 9, 2010