UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EARNESTINE SPADY**<br><br>Plaintiff,<br><br>v.<br><br>**CITIMORTGAGE, INC., AND PENNYMAC LOAN SERVICES, LLC**<br><br>Defendant. | Civil Action No. 2:10-CV-07211-CDJ |

## ANSWER TO COMPLAINT

PennyMac Loan Services, LLC ("PennyMac"), via its attorneys, responds to the Complaint of Plaintiff, Earnestine Spady ("Spady"), as follows:

### INTRODUCTION

The introductory paragraph of the Complaint purports to describe the nature of Plaintiff's claims and requires no response by PennyMac.

### VENUE AND JURISDICTION

1.-2.    Paragraphs 1 through 2 of the Complaint are statements of jurisdiction and venue which require no response.

3.    Denied. PennyMac denies that Plaintiff is "Earnestine Bush" but is identified in the caption as Earnestine Spady.

4.    Admitted in part and denied in part. PennyMac admits that CitiMortgage, Inc. ("Citi") is a corporation engaged in the business of lending and was a prior servicer of Plaintiff's mortgage. PennyMac lacks sufficient information to form a belief as to the truth of the

remaining averments of Paragraph 4 regarding the nature of Citi's business and those averments are denied.

5. Admitted in part and denied in part. PennyMac admits that it is a limited liability company with offices at 27001 Agoura Road, Calabasas, California and that PennyMac is the current servicer of Plaintiff's mortgage. Whether PennyMac is a "debt collector" under the Fair Debt Collection Practices Act is an averment of law which requires no response. To the extent any of the averments in Paragraph 5 regarding PennyMac's status under the Fair Debt Collection Practices Act are deemed factual, they are denied.

## RESPONSE TO FACTUAL ALLEGATIONS

6.-8. Admitted.

9. Admitted in part and denied in part. PennyMac admits that Plaintiff's bankruptcy was dismissed in May, 2010. PennyMac lacks sufficient information to form a belief as to the truth of the remaining allegations of Paragraph 9, and those allegations are denied.

10. Denied. PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding Plaintiff's alleged prior missed payment, and those averments are denied.

11. Denied. PennyMac lacks sufficient information to form a belief as to the truth of the averments in regarding alleged partial payments made by Plaintiff in March and April, 2010, and those averments are denied.

12. Denied. PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding whether Plaintiff resumed "regular monthly payments to Citi," and those averments are denied.

13 (a.-b.).    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding the alleged Act 6 Notice and alleged delinquency amounts, and those averments are denied.

14.    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding the alleged Act 6 Notice and those averments are denied.

15.    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding monthly statements allegedly received from Citi, and those averments are denied.

16 (a.-b.).    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding the alleged Act 6 Notice, and those averments are denied.

17.    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding Plaintiff's requests of Citi, and those averments are denied.

18    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding any alleged response by Citi to Plaintiff's those averments are denied.

19.    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding the alleged payment of fees by Plaintiffs through bankruptcy proceedings or otherwise, and those averments are denied.

20.    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding the alleged forbearance agreement, and those averments are denied.

21.    Denied.  PennyMac lacks sufficient information to form a belief as to the truth of the averments regarding the alleged forbearance agreement, and those averments are denied.

136044.00101/22000754v.1

22. Denied. PennyMac lacks sufficient information to form a belief as to the truth of the averments in Paragraph 22 as to when Plaintiff received the letter from PennyMac advising Plaintiff that it had acquired the servicing rights to her loan, and those averments are denied.

23. Denied. PennyMac denies that it sent Plaintiff any incorrect statements, and those averments are denied.

24. Denied. PennyMac denies the Plaintiff is no longer in arrears on her mortgage loan.

## COUNT I - FAIR DEBT COLLECTION PRACTICES
### (Plaintiff v. PennyMac)

25. PennyMac incorporates Paragraphs 1 through 24 of its response to the Complaint by reference.

26. Denied. Paragraph 26 of the Complaint contains conclusions of law which require no response. To the extent any of the averments of Paragraph 26 are deemed factual, they are denied.

27. Denied. PennyMac denies any suggestion that it improperly accounted for Plaintiff's mortgage loan payments, and denies that any suggestion that Plaintiff was not in arrears or that PennyMac otherwise acted improperly or in violation of the law in connection with the servicing of Plaintiff's account.

28. Denied. PennyMac denies that its payment statements to Plaintiff have incorrectly stated the amount and status of Plaintiff's debt.

29. Denied. Paragraph 29 of the Complaint contains conclusions of law which require no response. To the extent any of the averments of Paragraph 29 are deemed factual, they are denied. PennyMac denies that it acted improperly or in violation of the law in connection with the servicing of Plaintiff's account.

30. Denied. Paragraph 30 of the Complaint contains conclusions of law which require no response. To the extent any of the averments of Paragraph 30 are deemed factual, they are denied. PennyMac denies that it used any unfair or unconscionable means to collect or attempt to collect a debt.

## COUNT II  - PENNSYLVANIA ACT 6 OF 1974

### (Plaintiff v. CitiMortgage)

31. PennyMac incorporates Paragraphs 1 through 30 of its response to the Complaint by reference.

32.-34. Denied. Paragraphs 32 through 34 of the Complaint are directed toward a party other than PennyMac and, therefore, Paragraphs 32 through 34 of the Complaint require no response by PennyMac. To the extent any of the averments of Paragraphs 32 – 34 are directed at PennyMac and are deemed to require a response, PennyMac denies those averments.

WHEREFORE, PennyMac Loan Services, LLC requests that this Court enter an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of PennyMac together with interests, costs, attorneys' fees and all other relief this Court deems just.

## AFFIRMATIVE DEFENSES

1. PennyMac incorporates 1 through 34 of its response to the Complaint.

2. The Complaint fails to state a claim upon which relief may be granted.

3. The Complaint is barred by the doctrine of waiver.

4. The Complaint is barred by the doctrine of estoppel.

5. The Complaint is barred by the doctrine of laches.

6. The Complaint is barred by the statute of limitations.

7. The Complaint is barred by *res judicata* and/or collateral estoppel.

8. Plaintiff has failed to mitigate her damages.

9. PennyMac complied with all of its obligations under the Fair Debt Collection Practices Act and any other applicable law.

10. Any damages Plaintiff may have sustained were not the result of any act or omission on the part of PennyMac, but were a result of acts or omissions by Plaintiff or by other persons or entities over which PennyMac had no control, or duty or right to control.

11. Any communications made by PennyMac with respect to Plaintiff's credit and/or any attempts to collect a debt were true and/or privileged and did not violate the law.

12. PennyMac is not a "debt collector" within the meaning of the Fair Debt Collection Practices Act nor did the activities complained of by Plaintiff fall within the Fair Debt Collection Practices Act.

13. To the extent PennyMac's activities with respect to servicing Plaintiff's loan were covered by the Fair Debt Collection Practices Act, PennyMac complied with the Act and all other applicable law.

14. Plaintiff's claim for punitive damages, violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

15. PennyMac reserves the right to assert such other Affirmative Defenses which may be revealed during the course of litigation.

136044.00101/22000754v.1

WHEREFORE, PennyMac Loan Services, LLC requests this Court enter an Order dismissing Plaintiff's Complaint with prejudice and entering judgment in favor of PennyMac together with interests, costs, attorneys' fees and all other relief this Court deems just.

*/s/ Kevin C. Rakowski*
Kevin C. Rakowski (I.D. No. 80739)
BLANK ROME LLP
One Logan Square
Philadelphia, PA  19103
(t) (215) 569-5748
(f) (215) 832-5748
krakowski@blankrome.com

*Attorney for PennyMac Loan Services, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 25 day of March, 2011, services are being made by the United States District Court for the Eastern District of Pennsylvania's ECF Filing System.

Robert P. Coco, Esquire
Law Offices of Robert P. Coco, PC
Attorney for Plaintiff
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Email – rcoco@rcn.com


*/s/ Kevin C. Rakowski*
Kevin C. Rakowski